### Smith *et al. v.* Powers *et al.*

Wyatt, Justice. The plaintiffs in error brought suit against the defendants in error, seeking to recover certain described real property. They alleged in their petition that, on October 4, 1937, a deputy sheriff of

Jeff Davis County had levied seven tax fi. fas. against the said property for State and county taxes for the years 1931 through 1936 in the amount of $59.74 principal and $17.29 interest; that the Sheriff of Jeff Davis County advertised the said land for sale to satisfy the tax executions, and the same was bid in by Jeff Davis County for $102.75. On October 15, 1938, the defendants in error paid Jeff Davis County $120.02 in full settlement of the claims of the county against the land. It was further alleged that on the same date a quitclaim deed was executed by a commissioner of Jeff Davis County, purporting to convey to the defendants in error all right, title, and interest of Jeff Davis County in the land, and that the defendants in error claim title to the land by virtue of said deed, and have been in possession of the said tract of land since October 15, 1938; that the levy and sale, and the quitclaim deed above referred to are all null and void for alleged reasons; and that the petitioners are entitled to interests in the said land as set out in the petition. The defendants filed general and special demurrers to the petition. The general demurrer was sustained and the petition was dismissed. The exception here is to that judgment. *Held*:

"Adverse possession of lands, under written evidence of title, for seven years, shall give a like title by prescription; but if such written title is forged or fraudulent, and notice thereof is brought home to the claimant before or at the time of the commencement of his possession, no prescription shall be based thereon." Code, § 85-407. Conceding, as we must on demurrer, that the tax executions here involved are void, and that the tax deed executed by the county to the defendants in error is likewise void, still the deed delivered to the defendants in·error is such written evidence of title as to give to the defendants in error valid title by prescription, since they have been in possession of the land for more than seven years. See *Smith* v. *Jefferson County,* 201 *Ga.* 674 (40 S. E. 2d, 773); *Bower* v. *Cohen,* 126 *Ga.* 35 (54 S. E. 918); *Peeples* v. *Wilson,* 140 *Ga.* 610 (79 S. E. 466); *Willis* v. *Hudspeth,* 145 *Ga.* 438 (89 S. E. 427). The plaintiffs in error contend that the possession of the defendants in error can not be the basis of a valid title by prescription because their possession originated in fraud. They allege no facts, however, which in any way negative the good faith of the defendants in error. The mere fact that the defendants in error went into possession under a void tax deed is not sufficient to prevent a valid title by prescription from arising. See *Bower* v. *Cohen,* supra. The plaintiffs in error also contend that the deed here involved is not good as a written evidence of title for the reason that the deed is a redemption deed for the benefit of the heirs and creditors of Dan Smith. This can not be true for the reason that the deed is not executed to the proper persons as is required under Code, § 92-8304, nor does the procedure followed in its execution attempt to comply with the requirements of a redemption deed. See Code, § 92-8301, et seq. It follows from what has been said above, the judgment of the court below was not error.

*Judgment affirmed. All the Justices concur.*

No. 17730. SUBMITTED JANUARY 15, 1952—DECIDED FEBRUARY 13, 1952— REHEARING DENIED MARCH 13, 1952.

C. W. Heath, for plaintiffs.
Gordon Knox Jr., for defendants.