## 18629. HOGG v. HOGG, Executor, et al.

WYATT, Presiding Justice. Herbert Hogg brought suit against J. M. Hogg, individually and as executor under the will of J. W. Hogg, deceased, and Wilbur Rogers, seeking an accounting, an injunction to restrain the cutting of timber on a described tract of land, and for the removal of J. M. Hogg as executor, and other relief. The petition alleged in substance that petitioner is a legatee under the will of J. W. Hogg, who died testate on January 18, 1949; that among other things, the will of J. W. Hogg devised all real and personal property to the wife of the deceased, Mamie S. Hogg, for life, and at her death to the children of the deceased. One tract of land was devised as follows: "To my son J. M. Hogg, I will and bequeath whole lot of land No. 94 containing 202½ acres, more or less, in the First District of originally Muscogee now Macon County." There followed additional bequests to five other children of the deceased, including the plaintiff in error here. The interest of each child to whom bequests were made was for and during the life of such child, and upon the death of such child, the interest passed to the children of such child, if any, and if no children survived, the interest reverted to the estate. The wife elected to renounce the will and made application for a year's support. All the property of the deceased was set aside to her as a year's support. J. M. Hogg, one of the defendants here, then brought suit to have the interest devised to him above, that is lot No. 94, eliminated from the year's support judgment. The tract was removed by order of the court. J. M. Hogg then entered upon said land and took possession of it, farmed it, and sold timber from the land. The prayers of the petition were that J. M. Hogg be required to account for the farm operations in 1953; that he be required to account as an executor de son tort; that both defendants be enjoined from cutting timber from said land; and that J. M. Hogg be removed as executor. The defendants filed general and special demurrers to the petition. The petition was amended by attaching certain documents and decrees of court. The demurrers to the petition were renewed, and a general demurrer was sustained. To this ruling the plaintiff excepted and assigned it as error. *Held:*

A careful reading of the petition in the instant case fails to reveal what interest this petitioner has in the lot of land here involved that would entitle him to maintain the present action. The petition simply alleges that the parcel of land involved was devised to J. M. Hogg, defendant in error here, subject to the preceding life estate; that said parcel was

included in a year's support award to the wife of the deceased, that defendant had it removed by order of court, and that defendant is now in possession of the land and is receiving the rents and profits therefrom. Plaintiff does not allege that he has any remainder interest or other interest in said lot of land and, in fact, the allegations of his petition together with the copy of the will attached thereto show conclusively that he does not. Both parties spend a considerable amount of time in their briefs arguing whether or not the interest of the defendant is accelerated, since the wife of the deceased has renounced her rights under the will. In the view we take of this case, this question is not material. If it be admitted, for purposes of argument, that defendant's interest is not accelerated, it still does not appear wherein this plaintiff would become entitled to any interest in the lot of land in question. Defendant was devised a life interest in the lot of land with a remainder to his children. Plaintiff in error, who is a brother of the defendant in error, has no present interest in this lot of land, and no future interest which could support the present action. It follows, since it does not appear that the plaintiff in error has any right to maintain this suit, it was not error to sustain a general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 16, 1954—DECIDED JULY 13, 1954— REHEARING DENIED JULY 27, 1954.

*A. C. Felton, III,* for plaintiff in error.

*R. L. LeSueur,* contra.