## 19617. BOROUGHS v. LANCE.

CANDLER, Justice. On April 5, 1955, J. C. Boroughs filed an application in the Superior Court of Fulton County to register his title to certain lands in that county and for a certificate of title, all as provided for by the land registration act of 1917. J. D. Lance was named as one of the defendants in that proceeding, but was not personally served with a copy of the petition. The applicant's title was registered by a decree rendered on August 31, 1955, and a certificate of title was accordingly issued to him. On September 18, 1956, J. D. Lance instituted this litigation in the Superior Court of DeKalb County against J. C. Boroughs to set aside the registration decree and to cancel the certificate of title. So far as need be stated for the rulings hereinafter to be made, the petition,

together with its "Exhibit A" which is by reference thereto expressly made a part of the petition, show the following facts: that the defendant purchased the land involved when it was sold at public auction on January 9, 1946, to satisfy an execution issued against the plaintiff for his unpaid State and county taxes in Fulton County for the year 1944; that the deed which was executed and delivered to him for the land so purchased was recorded in Fulton County on March 20, 1947; and that the plaintiff's right to redeem his land was foreclosed on May 27, 1950, and the foreclosure notice was recorded in the deed records of Fulton County on July 21, 1950, as provided for by Code (Ann.) § 92-8311. There is no allegation in the petition that the land was not regularly sold in 1946 for State and county taxes due by the plaintiff, or that he ever offered to redeem it before his right to do so was foreclosed by a tender of the redemption price. Nor is there any allegation in the petition that the plaintiff has acquired any interest in or title to the land since it was sold to satisfy the execution for his unpaid taxes. Paragraph 2 of the petition alleges that the plaintiff *was* vested with fee-simple title to the land involved, and paragraph 20 alleges that the defendant asserts and claims title to it under his tax deed. The petition was demurred to on the ground that it stated no cause of action for the relief sought, and the exception is to a judgment overruling the demurrer. *Held:*

1. Under the provisions of Code (Ann.) § 92-8301, the plaintiff had a right to redeem his land which had been sold for State and county taxes at any time within twelve months from the date it was sold, and at any time thereafter until his right to redeem it was foreclosed by the giving of the notice provided for in Code (Ann.) § 92-8306, by paying or tendering the amount required for redemption, as fixed by Code (Ann.) § 92-8313. And in *Montford* v. *Allen*, 111 *Ga.* 18, 24 (36 S. E. 305), it was held: "After the time fixed by the statute for redemption has expired, the right to redeem is gone, and there is no power even in a court of equity to authorize a redemption of the property in such cases."

2. Since the petition in this case affirmatively shows that the plaintiff had no interest in or title to the land here involved at the time his suit was filed or when the decree registering the title thereto was entered, he was not injuriously affected

by the decree or the certificate of title which he seeks to set aside and cancel. This being true, his petition failed to state a cause of action for the relief sought, and it should have been dismissed on demurrer. *Hogg* v. *Hogg,* 210 *Ga.* 809 (82 S. E. 2d 818). Compare *Turner* v. *Kelley,* 212 *Ga.* 175 (91 S. E. 2d 356).

*Judgment reversed. All the Justices concur.*

SUBMITTED FEBRUARY 12, 1957—DECIDED MARCH 12, 1957—REHEARING DENIED MARCH 25, 1957.

*Edward D. Wheeler,* for plaintiff in error.
*Joseph J. Fine,* contra.