25121.  HERRINGTON et al. v. LaCOUNT.

SUBMITTED APRIL 14, 1969—DECIDED APRIL 24, 1969.

*Lewis & Javetz, Emanuel Lewis, John M. Brennan,* for appellants.

*Sullivan, Herndon & Crawford, John J. Sullivan, Ronald C. Crawford, Richard H. Herndon,* for appellee.

MOBLEY, Justice.  This appeal is from the denial of a motion for summary judgment by the defendants in an ejectment action brought by Marie LaCount against Arthur Herrington, Jr., and Gloria E. Herrington, seeking to recover possession of Lot 10 in a described subdivision.

The defendants on the motion for summary judgment offered as evidence the affidavit of the defendant Arthur Herrington, Jr., and the affidavit of John M. Brennan, attorney for the defendants.  No evidence was submitted by the plaintiff in opposition to the motion.  Herrington concedes in his affidavit that the defendants have no title to Lot 10.  He asserts ownership in two lots adjoining this property, and avers that a contractor constructing a residence on the defendants' property inadvertently encroached in a stated number of feet on Lot 10; this encroachment was made in good faith in the mistaken belief that the defendants owned the property encroached upon; and they have occupied the residence since November 22, 1966.  The attorney's affidavit attacks one deed shown in the abstract of title of the plaintiff.  It is asserted that his deed, which was made pursuant to a tax levy, is defective because the levy was excessive; the person named as the owner of the property was not in life at the time of the levy (on the information and belief of the affiant); and there is no bar of redemption on record.

The defendants are strangers to the record title of the prop-

erty they are occupying in Lot 10. Their only claim to the property is possession which originated in good faith, but this possession has not continued for a sufficient length of time to give any title by prescription.

Their motion for summary judgment is predicated on the theory that the title of the plaintiff is defective because of the tax deed in her chain of title. This tax deed appears to be regular, and is accompanied by the tax fi. fas. and levy. The defendants, being strangers to the title, and having no interest in the property which would authorize them to redeem the property, have no standing to attack the tax deed on the ground that the levy was excessive. *McArthur v. Peacock*, 93 Ga. 715 (20 SE 215); *Taylor v. Wilson*, 185 Ga. 321 (2) (195 SE 155); *Crump v. McEntire*, 190 Ga. 684 (4) (10 SE2d 186).

The averment in the affidavit of the defendants' attorney that he "shows, on information and belief," that the defendant in fi. fa. was not in life at the time of the levy for taxes, does not meet the requirement that affidavits in support of, or opposing, motions for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Ga. L. 1966, pp. 609, 661 (*Code Ann.* § 81A-156). It is therefore unnecessary to consider this attempt to show that the tax deed was defective.

The defendants' principal contention is that their motion for summary judgment should be granted because there is on record no notice of foreclosure of the right to redeem in compliance with Ga. L. 1937, pp. 491, 493 (*Code Ann.* § 92-8306). They assert that the title of the plaintiff is an inchoate title, subject to the right of the owner to redeem.

By Ga. L. 1949, pp. 1132, 1133 (*Code Ann.* § 92-8315) it is provided that nothing contained in *Code Ann.* §§ 92-8301 and 92-8306 to 92-8314, inclusive, "shall prevent a title under a tax deed from ripening by prescription after a period of seven years from the date of the execution of the tax deed. Any tax deed regularly executed at a valid and legal sale held by the State or any subdivision thereof, including counties and municipalities,

when the defendant in fi. fa. is sui juris, shall after the expiration of seven years from the date of said tax deed convey fee simple title and title to the property described in said tax deed shall vest absolutely in the grantee therein or his heirs or assigns."

In *Patterson v. Florida Realty &c. Corp.*, 212 Ga. 440, 443 (93 SE2d 571), it was held that fee simple title had vested in the grantee in a tax deed, under the 1949 Act, supra, more than seven years having elapsed since the property had been sold for taxes. The statement of facts in that case shows that there was no evidence that either party had ever been in possession of the land.

The fact that there is no bar of redemption on record is insufficient to prove that fee simple title has not vested in the assignees of the grantee in the tax deed, the deed having been executed in 1953.

The defendants cite cases stating the elementary rule that, "in a suit to recover land, the plaintiff must recover upon the strength of his own title and not upon the weakness of the title of the defendant, and it is sufficient if the defendant shows an outstanding title in a third person which is paramount to that of the plaintiff." *Mills v. Kelley*, 214 Ga. 403, 407 (105 SE2d 316). This principle is not applicable in the present case, since the defendants did not show an outstanding title in a third person paramount to that of the plaintiff.

The trial judge did not err in denying the motion for summary judgment of the defendants.

*Judgment affirmed. All the Justices concur.*