29670. DOE et al. v. ROE et al.

JORDAN, Justice.

In this ejectment action in fictitious form, filed in April, 1974, Gayle N. Manley is the real plaintiff and

Pinewood Plantation, Inc., the real defendant. The appeal is from a judgment in favor of the defendant, pursuant to the direction of a verdict.

Error is enumerated on the failure to direct a verdict for the plaintiff (appellant), the direction of a verdict for the defendant (appellee), and the admission in evidence of one of the deeds in the defendant's chain of title.

The plaintiff's only written claim of title is a quitclaim deed, dated April 26, 1972, from a person who held no written or prescriptive title. The plaintiff erected a fence on the property in March and April, 1973. This fence was removed by M. M. Warren, the immediate predecessor in title of the defendant, in August, 1973.

The plaintiff claims the right to recover the land by reason of "prior possession alone, against one who subsequently acquires possession of the land by mere entry and without any lawful right whatever." Code § 33-102.

The defendant has a record title for more than 40 years. (See Ga. L. 1935, p. 63; Code Ann. § 38-637). Its chain of title is as follows: In 1921 G. A. Wallace conveyed the land to James J. Nielson. In 1940, 1941, 1943, and 1944, after levy on this land of Nielson's, tax deeds were executed by the Sheriff of Lee County to Lee County as purchaser at the tax sales. In June, 1970 Lee County conveyed the land to M. M. Warren. In March, 1973, Warren conveyed the land to the defendant.

The plaintiff contends that the deed from Lee County to Warren was a deed of redemption and created no title in Warren, and that, without this deed in his chain of title, the defendant has no lawful title to the land.

The quitclaim deed from Lee County to Warren is accompanied by a resolution of the Board of County Commissioners of Lee County which recites that the county purchased the land at sheriff's sale under tax executions against J. J. Nielson, that M. M. Warren, a creditor, desires to redeem the land, and that Warren has paid the stated redemption price. The consideration recited in the deed was the redemption price and the resolution. The deed further stated that the consideration was furnished by Warren, "a creditor of grantee."

The evidence shows without dispute that Warren

was not a creditor of Nielson. If he had been such creditor, the redemption deed should have been made to Nielson, the defendant in fi. fa. Code § 92-8304. The attorney who drew the deed testified that it was drawn on a printed form used by Lee County on all conveyances.

It thus appears that the deed improperly recited that it was a deed of redemption. It was, in fact, a quitclaim deed conveying whatever title Lee County obtained by purchase at tax sale. The title of Lee County under tax sale had ripened by prescription, even though no notice to foreclose the right to redeem had been served on the defendant in fi. fa. See Ga. L. 1937, pp. 491, 493 (Code Ann. § 92-8315); *Herrington v. LaCount,* 225 Ga. 232 (167 SE2d 631).

The appellant contends that if the deed from Lee County is merely a quitclaim deed, and not a deed of redemption, the county authorities violated Ga. L. 1959, pp. 325, 326, as amended, 1961, p. 195, 1962, pp. 65, 66 (Code Ann. § 91-804.1), which requires that the sale of property belonging to the county (with certain exceptions) be made at public sale. The recitations of the deed and the oral testimony indicate that the county authorities did not comply with this statute.

No evidence was introduced that this deed has been set aside as void because of the failure to comply with Code Ann. § 91-804.1. It is at least color of title.

The defendant did not enter the land "without any lawful right whatever," and the plaintiff did not prove that he has the right to recover possession under Code § 33-102.

The trial judge did not err in allowing the deed from Lee County to Warren in evidence, or in directing a verdict in favor of the defendant.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 10, 1975 — DECIDED APRIL 8, 1975.

*Durden, Durden & Allen, Adie N. Durden, Jr.,* for appellants.

*Smith & Jones, William E. Smith,* for appellees.