51328, 51329. BLANKENSHIP v. ATLANTIC STEEL
COMPANY; and vice versa.

STOLZ, Judge.

On June 9, 1972, the claimant sustained a job-related injury to his right knee. He was paid 52 weeks compensation for total incapacity based on his average weekly wage as provided by Code Ann. § 114-406. On June 9, 1973, compensation payments of $50 per week were commenced in lieu thereof for 75% specific member disability of the leg pursuant to Code Ann. § 114-406 (o). On or about June 5, 1973, the claimant suffered a fall when his right leg gave way. This fall was not related to the claimant's employment in any way. In fact, the claimant did not return to work at any time after his injury of June 9, 1972. The claimant made no complaint regarding an injury to his hip following his fall on June 5, 1973. The same was not detected when he was treated at Georgia Baptist Hospital immediately following the fall, or when he saw his physician on June 21, 1973. On July 17, 1973, the claimant's wife advised the physician that the claimant was having "pain in his straddle." When the claimant visited his physician on September 7, 1973, the physician noticed that the claimant's right leg was rolled outward, was short, and on motion was painful. X-rays revealed a fracture in the neck of the right femur with fairly marked displacement. An arthroplasty of the claimant's right hip was performed and a hip prosthesis inserted (the removal of the femoral head and insertion of a replacement ball or prosthesis in its stead). The claimant's physician testified that there is some permanent disability related to the hip procedure and injury in that "this is not a normal hip joint" (R. 95). The physician found a causative relationship between the original injury to the claimant's right knee and his fall

and fractured femur. The physician testified that the claimant's disability was no longer confined to the right knee and right leg, but goes all the way up into the right hip (R. 99); that this was an additional disability in the hip joint area which relates to the claimant's ability to move his leg, and pain and weakness of the muscles surrounding it (R. 99-102); that the right hip fracture increased the disability to the claimant's right leg (R. 107-108); and that the claimant had no permanent disability to his right hip prior to his fall on June 5, 1973 (R. 114).

The deputy director, in denying a change of condition, found that "there is no evidence the hip injury, if it did occur on June 5, 1973, was causing him any disability after January of 1974." This award was affirmed by the full board and the Superior Court of Fulton County, which based its holding on the "any evidence" rule.

1. "Findings of fact on which the award in a workmen's compensation case is based must be supported by testimony. *Bituminous Cas. Corp. v. Chambers,* 84 Ga. App. 295 (66 SE2d 196). Therefore, a misstatement of significant testimony will be ground for referral back to the board of an award otherwise supported by evidence where it is possible that a proper understanding of the evidence might have caused the finder of fact to reach a different conclusion." *Aetna Ins. Co. v. Jones,* 125 Ga. App. 471 (188 SE2d 180).

As previously indicated, there is competent evidence connecting the claimant's weakened right knee (the result of a compensable injury) with the fall wherein he sustained a hip fracture. Even though Dr. Bondurant testified that the claimant "had no complaints with his hip" since January 25, 1974 (R. 105), his testimony recited hereinabove—coupled with his finding that on that date the claimant "had developed so much atrophy in the muscles above the knee, between the knee and the hip" (R. 103)—constitutes at least *some* evidence of *some* permanent disability.

2. The issues raised in the employer's cross appeal were not ruled on by the superior court. The deputy director and full board found no merit in the employer's

statute of limitation argument. The superior court did not consider this argument because of the disposition of the main appeal. Since we have no judgment of a court of record to review, we cannot rule on the merits of the cross appeal.

The case is remanded to the State Board of Workmen's Compensation for findings of fact consistent with the evidence contained in the record.

*Judgment reversed on main appeal; cross appeal not ruled on. Deen, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 30, 1975 — DECIDED JANUARY 16, 1976.

*Swift, Currie, McGhee & Hiers, W. Wray Eckl, Richard S. Howell,* for appellant.

*Jones, Bird & Howell, Joseph W. Crooks,* for appellee.