33068. STITH et al. v. MORRIS.

JORDAN, Justice.

This appeal is from the grant of a summary judgment to the appellee. We hold that Code Ann. § 92-8316 is not subject to the attack on its constitutionality and we affirm.

The case was commenced in 1969 by Henry Hammond Stith, Sr., and Edward Dean Stith against Ballard Hudson, Emma Bell Roan Farmer, and The First National Bank of Atlanta, as Trustee under the will of Charles Moseley Roan, deceased, and was for the recovery of certain land in Land Lots 36 and 61 of the 7th District of Fulton (formerly Campbell) County.

This property was levied on under a tax execution against Mrs. Byrdelle Jackson and was conveyed by tax deed to Ballard Hudson and Moseley Roan in 1939. Roan died in 1945 and Hudson purchased his interest in the property. Hudson is now dead and his estate is represented by Veleta Roan Morris, executrix under his

will. Henry Hammond Stith, Sr., is dead and his estate is represented by his executors. The plaintiffs claim a one-half interest in the property as the heirs of Mr. and Mrs. E. D. Stith, and the other one-half interest under a deed from Mrs. Jackson, made in 1957.

In Count 1 of the amended complaint it was alleged: Under the law of Georgia at the time of the tax sale, Mrs. Jackson had the right to redeem the property within twelve months from the date of sale and at any time thereafter until the right to redeem was foreclosed in the manner prescribed by law. Section 2-B of Section 1 of Ga. L. 1949, pp. 1132-1134 (Code Ann. § 92-8316), which purports to bar the right to redeem the property, is unconstitutional in violation of the United States Constitution (Art. I, Sec. 10, Par. I; Code § 1-134), and the Georgia Constitution (now Constitution of 1976, Art. I, Sec. I, Par. VII; Code Ann. § 2-107). It was prayed that the plaintiffs be permitted to redeem the property.

In the second count it was alleged: The property was levied on to satisfy a tax execution for the year 1932. Record title was in Fulton County for that year and there were no taxes due for that year. The levy was excessive, in that the land was worth far more than the amount of the tax execution. In Count 3 it was alleged that while Mrs. Jackson was the owner of only an undivided interest in the property, the tax deed purports to convey the entire fee in the property. In Counts 2 and 3 it was prayed that the tax sale be declared a nullity, and the tax deed be canceled.

The case has been before this court twice. *Stith v. Hudson,* 226 Ga. 364 (174 SE2d 892) (1970), and 231 Ga. 520 (202 SE2d 392) (1973). Neither of these cases decided the constitutionality of Code Ann. § 92-8316, which is relied on by the appellee.

1. Ga. L. 1937, pp. 491, 492 (Code Ann. § 92-8301) provides that where property is sold for taxes, it may be redeemed within twelve months from the date of the sale, and at any time thereafter until the right to redeem is foreclosed by the giving of the notice prescribed in Code Ann. § 92-8306.

The 1937 law was amended by the 1949 Act (Ga. L. 1949, pp. 1132-1134). Code Ann. § 92-8315 provides for

the ripening of title by prescription under a tax deed after seven years from the date of the execution of the tax deed. Code Ann. § 92-8316 provides for the ripening of title by prescription under a tax deed that had been executed seven years prior to the passage of the 1949 Act, provided that a person with the right to redeem the property had twelve months from the date of the approval of the Act by the Governor to exercise the right of redemption under the 1937 Act.

It is asserted by the appellants that Code Ann. § 92-8316 violates the state and federal constitutional prohibitions against the passage of retroactive Acts and Acts impairing the obligations of contracts, in that at the time of the passage of the 1949 Act there was an unlimited right of redemption of property sold at a tax sale, until the right to redeem was foreclosed in the manner prescribed, and Code § 92-8316 removed this unlimited right as to tax deeds made prior to the passage of the Act.

The appellants cite *Todd v. Morgan,* 215 Ga. 220 (109 SE2d 803) (1959), which dealt with the constitutionality of Ga. L. 1941, p. 487, as amended (Code Ann. § 67-1308), providing for the reversion of title under a deed to secure debt, as that law applied to a deed executed prior to its passage. It was held that, as to such prior deed, the Act impaired the contractual right of the holder of the deed to retain the title to the land until the debt was paid.

The appellants also cite *Morris v. Interstate Bond Co.,* 180 Ga. 689 (180 SE 819) (1935). That case dealt with a 1931 Act providing that any person having an interest in property returned or assessed with other property for taxation shall be allowed to pay the taxes assessed against any one or more pieces of the property and obtain a release as to such property, which was amended by a 1933 Act making it applicable to taxes accruing before its passage. It was held that a transferee of a tax execution, transferred prior to the Act, had a contract with the state which was unconstitutionally impaired by the latter Act.

The case of *Woodruff v. Trust Co. of Ga.,* 233 Ga. 135 (210 SE2d 321) (1974), is cited by the appellants in support of their contention that Code Ann. § 92-8316 is unconstitutionally retroactive as impairing vested rights.

The *Woodruff* case held that a change in the law on trusts, which prohibited the revocation of executory trusts expressly or impliedly made irrevocable, was unconstitutional as applied to trusts in existence at the time of the passage of the Act because it impaired vested rights.

None of these cases requires a decision in the present case that Code Ann. § 92-8316 is unconstitutional. This law does not impair the obligation of a contract. The taxpayer whose lands are sold for taxes has no contractual relationship with the state or the governmental body making the tax sale.

Not every retrospective law is unconstitutionally retroactive. In *U. S. Fidelity &c. Co. v. Toombs County,* 187 Ga. 544 (4) (1 SE2d 411) (1939), it was held that a statute of limitation will be upheld as constitutional as against contracts entered into before its enactment provided a reasonable time after the passage of the Act is allowed for a citizen to enforce his contract or protect his right.

Code Ann. § 92-8316 gave a reasonable opportunity, twelve months after the passage of the Act, for the redemption of property sold for taxes seven years prior to the Act.

The method and time for the redemption of property sold for taxes are matters of public policy, and a legislative Act establishing these matters should not be disturbed unless clearly unconstitutional. Prior to the passage of Code Ann. §§ 92-8315 and 92-8316, it was the law in this state that a tax deed accompanied by adverse possession for seven years gave a valid title. *Smith v. Powers,* 208 Ga. 768 (69 SE2d 374) (1952). Code Ann. § 92-8315 recognized and preserved this law. Code Ann. § 92-8316, declaring title to have ripened under a tax deed executed seven years prior to the passage of the law, without reference to adverse possession, had the effect of making these titles certain, and foreclosing inquiry into the legality of tax deeds made in the distant past (as in the present case) where the facts and circumstances pertaining to the tax sale would be almost impossible to ascertain.

In City of El Paso v. Simmons, 379 U. S. 497 (1965),

the United States Supreme Court considered an amendment to the Texas Land Grant law which limited the right of persons whose grants had been forfeited by the nonpayment of interest to redeem their lands, as the amendment applied to persons having the right of redemption at the time of the passage of the law. It was held that the amendment did not offend the clause of the United States Constitution which prohibits the states from passing any ex post facto law, or law impairing the obligation of contracts. The court considered the uncertainty of land titles, among other factors, in the determination of the question.

Code Ann. § 92-8316 set a reasonable limitation on the right to redeem property under a tax deed executed seven years prior to its passage, and the section does not impair vested rights in violation of the state and federal constitutional prohibition against the passage of retroactive or ex post facto laws.

2. The determination that Code § 92-8316 is valid makes it unnecessary to consider the appellants' contentions concerning the invalidity of the tax sale. The property to which they claim title, or the right to redeem, was sold as the property of their predecessor in title, Mrs. Jackson. Title under the tax deed had ripened under Code § 92-8316 prior to their deed from Mrs. Jackson in 1957. There is no evidence to support their contention that Mrs. Jackson owned only a one-half interest in the property levied on as her property.

3. The evidence makes no issue of facts material to the determination of title to the property, and the trial judge did not err in granting summary judgment to the appellee.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

ARGUED JANUARY 10, 1978 — DECIDED APRIL 3, 1978 — REHEARING DENIED APRIL 25, 1978.

*Parker & Ferguson, John Tye Ferguson,* for appellants.

*Alston, Miller & Gaines, Oscar N. Persons, Gregory*

*L. Fullerton,* for appellee.