Alma Louise **BURT**, Claimant,

v.

**OKLAHOMA NATIONAL BANK and State Insurance Fund**, Respondents.

No. 55108.

Court of Appeals of Oklahoma, Division No. 1.

June 16, 1981.

Released for Publication by Order of Court of Appeals July 16, 1981.

---

J. Mike Lawter, Oklahoma City, for claimant.

Richard G. Mason, Gary W. Sleeper, Oklahoma City, for respondent.

WILSON, Judge:

The issue in this workers' compensation case is whether the phrase "change of conditions" in our reopening statute, 85 O.S. Supp.1977, § 28, encompasses later injuries sustained in a fall allegedly caused by a previously compensated leg disability where the later injury was to a part of the body other than the leg.

Claimant Alma Louise Burt, an employee of Oklahoma National Bank, seriously injured her knee in a fall down the stairs at work on January 6, 1977, resulting in an award of 35% permanent partial disability to the leg. Complaining of worsening pain and weakness in the leg, she later sought further compensation for the original injury. In addition, she sought compensation for an injury to her coccyx, which was fractured and dislocated in a fall at home on September 25, 1979. Her position was that this later fall and coccyx injury resulted from the disabled condition of the knee, which had buckled under her. The trial judge refused to increase the award, finding that the leg condition had not worsened and that the coccyx injury was not compensable under the "change of conditions" statute. On appeal, the court *en banc* affirmed the denial of further compensation for the leg itself, but reversed as to the broken coccyx and awarded the claimant 5% permanent partial disability to the body as a whole based on this injury. The employer and its insurer petition for review.

Tit. 85 O.S.Supp.1977, § 28 provides in relevant part:

Upon its own motion or upon the application of any party in interest on the ground of a change of conditions, the court may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, . . . .

█ Petitioning employer and insurer contend that subsequent injuries are not compensable under this statute unless they occur to the same part of the body for which the claimant was originally compensated. Applied here, the argument is that the change of condition language could cover only further injury to the claimant's leg, and since both the trial judge and the court *en banc* found no worsening of the leg

disability, the court *en banc* erred in basing an increased award on the broken coccyx, which petitioners assert was an entirely new, unrelated injury.

We, however, find no "same part of the body" limitation in the statute. On the contrary, though Oklahoma has not addressed this precise issue, we find the general rule stated with support in *Carabetta v. Industrial Commission*, 12 Ariz.App. 239, 469 P.2d 473 (1970):

> [I]t is well established that where a weakened member such as a leg contributes to a later fall or injury, such later fall or injury is a compensable consequence of the prior industrial injury. [citations omitted]

*See also, Blankenship v. Atlantic Steel Company*, 137 Ga.App. 282, 223 S.E.2d 479 (1978).

As for the fact that the original award was for disability to the leg while the additional award was for disability to the whole body, leading authority A. Larson, *The Law of Workmen's Compensation*, § 81.31 (1976), discussing "What constitutes change in condition," informs us at p. 15–495:

> The fact that the change necessitates making an award in an entirely different category . . . is no obstacle to reopening.

Professor Larson continues on p. 15–497 *et seq.*:

> [W]hen complications develop directly from the original injury, . . . the reopening statute applies, and . . . cannot be escaped by calling to condition a new disability.

The test, then, is not whether the later injury occurred to the same part of the body as was originally disabled, but rather, whether the original disability was a cause of the later injury. In other words, a second injury should be compensated if attributable to the first one, not defeated by the mere happenstance that it affected another part of the claimant's body. A "same part of the body" test would be unsatisfactory in a case such as the present one because when people fall, it is purely a matter of chance where they land.

If we applied such a test here, our holding would be that if only Ms. Burt had landed on her knee, she could get a further award, but since she happened to land on her tailbone, she cannot. Turning the case on this fortuitous circumstance makes no sense to us. We therefore conclude that the proper test is whether there was a causal connection between the disabled leg and the later fall resulting in further disability. This causation test is in accord with general Oklahoma law on the subject. *See, Tinsley v. Goldenstern and Stolpher*, 353 P.2d 6 (Okl.1960) (claimant must show change in condition "due to" or "occasioned by" original compensable injury); *Sinclair Refining Co. v. Duncan*, 297 P.2d 563 (Okl. 1956) (change must be "attributable" to original injury). *See also, Nuway Laundry Co. v. Hacker*, 396 P.2d 659 (Okl.1964) (leg varicosities resulting from original foot injury held compensable as change of condition).

Applying that test to the instant record, we find ample support for the *en banc* court's finding that the buckling of claimant's previously disabled leg caused the fall and coccyx injury, and that the trial judge's decision to the contrary was against the weight of the evidence or contrary to law. 85 O.S.Supp.1977, § 3.6. The claimant herself testified, describing how the leg would "give way" or "buckle." Her doctor stated that he found a "causal connection" between the leg and coccyx injuries in that "her knee gave way causing her to fall" and further explained that the knee's instability "could easily cause a condition such as this [the coccyx broken in a fall]." The evidence here is virtually identical to that in *Carrabetta, supra*, and *Blankenship, supra*, both standing for the proposition that injury resulting from falls occasioned by previous disability may be compensable.

The employer and insurer offered no evidence of their own to dispute the claimant's proof but instead depended on their interpretation of 85 O.S.Supp.1977, § 28 to exclude such injuries from the change of condition language. They relied heavily on *Bankers Investment company v. Boyd*, 560 P.2d 958 (Okl.1977), as they do in this pro-

ceeding. There, our Supreme Court vacated an award and denied a claim based partly on injuries sustained in a car wreck while the claimant, some months after an industrial accident and after termination of her employment, was on her way to the hospital for treatment of the original injury.

We do not find the *Boyd* case controlling here for several reasons. For one thing, it was not a reopening case but an original claim. Thus, it had nothing to do with the change of condition language in § 28, but rather, had to do with whether the injury occurred in the course of employment. The decision in this regard rested largely on the fact that the claimant was no longer employed when the car accident happened, a fact which is neither duplicated nor determinative in the case at bar. Moreover, it could not be said there that the industrial injury "caused" the claimant's car wreck whereas in our case, the industrial injury could well have caused the claimant's fall, and indeed did cause it according to the undisputed evidence.

In sum, we hold that a later injury can constitute a change of condition under 85 O.S.Supp.1977, § 28 where the claimant shows a causal connection between the later injury and the originally compensated disability, regardless of whether the later injury was to the same part of the claimant's body. Since the claimant here clearly established a causal connection between her previously disabled leg and her later fall resulting in an injury to her coccyx, the court *en banc* correctly overturned the trial judge's denial of an increased award for this further disability and correctly made an award which was "proper, just and equitable." 85 O.S.Supp.1977, § 3.6. Hence, we sustain the *en banc* court's additional award of 5% permanent partial disability to the whole body.

ORDER AND AWARD SUSTAINED.

BOX, P. J., and REYNOLDS, J., concur.