S93A0354. WALLACE v. PRESIDENT STREET,
L.P. et al.
S93X0356. PRESIDENT STREET, L.P. v. WALLACE.
(430 SE2d 1)

HUNSTEIN, Justice.

This appeal and cross-appeal are before this Court on a grant of the appellee/cross-appellants' (hereinafter "President Street") motion for summary judgment. The appellant (hereinafter "Wallace") purchased property owned by President Street at a tax sale on June 5, 1990 for the sum of $13,720.65.[1] On August 15, 1990, Wallace caused a notice of foreclosure of the right to redeem to be served on Bostic, alleged by Wallace to be the registered agent of President Street. (President Street claims that Bostic was not its registered agent.) The notice was also mailed to First Union, tacked on the door of the office on the subject property and published in the newspaper for consecutive Mondays concluding on January 14, 1991, as required by OCGA § 48-4-45.[2] The notice provided that the right to redeem the property would expire and be forever after barred on June 6, 1991, twelve months and one day following the tax sale. On May 15, 1991, President Street made a tender to Wallace to redeem the property, but the tender was rejected as inadequate because it did not include the additional ten percent of the purchase price and the costs of service and publication required if tender is made after the notice of the bar of redemption has been served.[3] On August 29, 1991, Wallace filed his petition to establish title against all the world pursuant to OCGA § 23-3-61 et seq. in response to which President Street filed a motion for summary judgment which was granted and from which this appeal

---

[1] Appellee First Union National Bank of Florida (hereinafter "First Union") held a security deed which covered the subject property.

[2] OCGA § 48-4-45 reads in part as follows:
(a) After 12 months from the date of a tax sale, the purchaser . . . may . . . forever bar the right to redeem the property from the sale by causing a notice . . . of the foreclosure, as provided in this article [to be served on various persons by the means specified].

[3] See OCGA § 48-4-42 (a). The funds tendered by President Street were paid into court in January 1992 by order of the court.

is made.

President Street's motion for summary judgment was based upon several grounds, to-wit, that the legal description in both the levy and the tax deed was inadequate, that the levy was excessive, that the bar of redemption was not complete for lack of service on appropriate persons as required by OCGA § 48-4-45, and that the tender was adequate and timely inasmuch as Wallace had prematurely served the notice of foreclosure of the right to redeem, i.e., within the 12 months following the sale.[4] The trial court's order acknowledged the various grounds asserted by President Street and First Union, but expressly predicated its decision only on its conclusion that Wallace's attempt to bar redemption of the property was premature and that President Street's tender was, therefore, timely and adequate.

1. Wallace asserts that the trial court has erred by concluding as a matter of law that the notice of redemption required by OCGA § 48-4-45 may not be sent until *after* the expiration of 12 months from the date of the tax sale, notwithstanding that the date of expiration of the right of redemption specified in the notice shall occur more than 12 months following the sale date. OCGA § 48-4-45 is misconstrued by the trial court, he argues, because the court reads the phrase "after 12 months" as modifying both the right to bar redemption *and* the giving of the notice to implement the right to bar, thus neglecting the distinction between the bar of foreclosure and the notice of the bar. According to Wallace, the phrase "after 12 months" modifies and limits only the right to bar and does not prohibit the service of the required notice *within* the 12-month period following the sale. We are not persuaded by Wallace's argument which contravenes accepted rules of statutory construction[5] and, as the trial court stated, a "plain reading of the statute." Accordingly, we affirm the trial court's construction of OCGA § 48-4-45 as requiring that 12 months shall have elapsed before the right to redeem property shall be foreclosed *and* before notice of the right to foreclose the right shall be served. Moreover,

> [t]he enforcement and collection of taxes through the sale of the taxpayer's property has been regarded as a harsh procedure, and, therefore, the policy has been to favor the rights of the property owner in the interpretation of such laws. Since the policy has been to favor the property owner . . . provisions permitting the owner to redeem his property are

---

[4] First Union asserted essentially identical grounds in its motion for summary judgment and adopted and incorporated therein the motion, brief and supporting documents of President Street.

[5] See 2A Sutherland Stat. Const. § 47.33 (4th ed.).

liberally construed to accomplish their objectives.

3A Sutherland Stat. Const., § 66.08 (4th ed.). This Court has adhered to that policy heretofore, and we do so now. *Union Central Life Ins. Co. v. Bank of Tignall*, 182 Ga. 233 (185 SE 108) (1935).

2. In its cross-appeal, President Street seeks an opinion from this Court which would have the effect of expanding our scope of appellate review to include those matters asserted by President Street in its motion for summary judgment, but not ruled on by the trial court. Notwithstanding President Street's expressed concerns regarding judicial economy, the status of title to the subject property, and the disposition of the fund it has paid into court, President Street has not asserted any *error* or appealed any *ruling adverse to it*. See OCGA § 5-6-38. We are, therefore, without jurisdiction to consider the issues which President Street attempts to bring before us. See *Blankenship v. Atlantic Steel Co.*, 137 Ga. App. 282 (2) (223 SE2d 479) (1976); *Dept. of Medical Assistance v. Columbia Convalescent Center*, 203 Ga. App. 535 (2) (417 SE2d 195) (1992). For this reason, we hereby grant Wallace's motion to dismiss the cross-appeal.

*Judgment affirmed in Case No. S93A0354. Case No. S93X0356 dismissed. All the Justices concur.*

DECIDED MAY 17, 1993 —
RECONSIDERATION DENIED JUNE 25, 1993.

*Johnston, Brannen & Mikell, Sam L. Brannen, Gary L. Mikell,* for appellant.

*Karsman, Brooks & Callaway, Stanley E. Harris, Jr., Hunter, Maclean, Exley & Dunn, Roland B. Williams,* for appellees.