## 45175. FUNDERBURKE v. KELLET et al.

(364 SE2d 845)

Gregory, Justice.

The appellees sold a parcel of property located in DeKalb County to Annette Johnson, taking back a promissory note and deed to secure debt with a power of sale. Appellees are residents of Fulton County. Thereafter the property was sold for taxes and tax deeds given. Rights under the tax deeds passed through several hands and ultimately to appellant Funderburke. No notice was given to the appellees of the tax sales or of their right to redeem the property. Notice of foreclosure of the right to redeem was published in the *Decatur-DeKalb News Era* in August and September of 1983. Appellees first learned of the tax sales in 1986 and tendered the redemption price. This was refused on the ground that appellees' right to redeem the property had been foreclosed by their failure to take timely action in response to the published notice. Appellees filed this action to quiet title, tendering funds equivalent to the redemption price into the registry of the court. The issues were tried before a special master who concluded that OCGA § 48-4-46, governing the requirements of notice of foreclosure of the right to redeem property sold at a tax sale, does not comport with due process. The special master concluded that the right of the appellees to redeem the property had not been foreclosed, and that title should be vested in them. The superior court adopted the findings and conclusions of the special master and made them the order of the court.

1. Under OCGA § 48-3-9 (a) the record owner of property to be sold at a tax sale is entitled to notice of the sale by either personal service or by registered or certified mail. Under subsection (b), an owner of a security deed or mortgage is entitled to receive notice of the tax sale by either personal service or by mail only if he annually files an application for notice with the clerk of superior court of the county in which the land is located. The code section does not provide for notification of a tax sale to an owner of a security deed or mortgage who fails to apply for notification. Under OCGA § 48-4-40, "any person having any right, title, or interest in or lien upon" property sold at a tax sale may redeem the property by payment of the redemption price "(1) at any time within 12 months from the date of the sale; and (2) *at any time after the sale until the right to redeem is foreclosed by the giving of the notice provided for in Code Section 48-4-45.*" (Emphasis supplied.) Official Code of Georgia Section 48-4-45 (a) provides, in pertinent part, "after 12 months from the date of a tax sale, the purchaser at the sale . . . *may* terminate, foreclose, divest, and forever bar the right to redeem the property from the sale by causing a notice . . . of the foreclosure to be served as provided for in this article upon . . . (3) all persons having of record in the county

in which the land is located any right, title, or interest in, or lien upon the property." (Emphasis supplied.) OCGA § 48-4-46 (b) states that the purchaser at the tax sale must prepare copies of the notice of foreclosure of the right to redeem along with a list of persons to be served and deliver these to the sheriff of the county in which the land is located. The "sheriff shall serve a copy of the notice personally . . . upon each of the persons included on the list furnished him *who reside in the county.*" (Emphasis supplied.) Subsection (c) provides that if the sheriff is unable to effect service upon any person required to be served, notice shall be by publication.

In *Mennonite Bd. of Missions v. Adams*, 462 U. S. 791 (103 SC 2706, 77 LE2d 180) (1983), the United States Supreme Court had under consideration the constitutionality of an Indiana statute which provided that an owner of property to be sold at a tax sale would be notified of the sale by mail, Ind. Code § 6-1.1-24-4, but that a mortgagee of the property would be notified by posted notice in the county courthouse and published notice in the county legal organ. § 6-1.1-24-3.[1] Under Indiana law the owner or other person with an interest in the property was entitled to redeem the property for a two-year period following the tax sale. § 6-1.1-25-1.[2] If the property was not redeemed, the county auditor was required to issue a tax deed to the purchaser at the tax sale at the end of the two-year period. The Court held that because a mortgagee has a substantial interest in property that may be significantly affected by a tax sale, notice of the tax sale by publication and posting on the courthouse door is not sufficient to meet the requirements of due process. The Court held that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party . . . if its name and address are reasonably ascertainable." 462 U. S. at 800. Based on *Mennonite* the special master and trial court in this case found that OCGA § 48-4-46 (b) and (c) are not in accord with the requirements of due process because an owner of a security deed or mortgage who lives outside the county in which the land is located will only receive published notice of the foreclosure of the right to redeem. We agree.

Appellant argues that an owner of a security deed or mortgage

---

[1] Ind. Code § 6-1.1-24-4.2, effective January 1, 1988, provides that the county auditor must send a notice of tax sale to "all persons having a substantial property interest of public record that would be affected by the sale of real property under this chapter." The code section provides that such notice shall be by certified mail. As it existed in 1980, Ind. Code § 6-1.1-24-4.2 provided that notice of a tax sale would be sent to a mortgagee if the mortgagee requested such notice and paid a fee to the county auditor. Acts, 1980, P.L. 45, §1. Compare OCGA § 48-3-9 (b).

[2] Under Ind. Code 6-1.1-25-4, as amended in 1987, there is now a one-year period during which the property may be redeemed.

who applies for notice of a tax sale under OCGA § 48-3-9 will, by implication, be placed on notice of the right to redeem the property under OCGA § 48-4-40, and thereby have notice of a foreclosure of the right to redeem under § 48-4-46. However, assuming without deciding that an owner of a security deed or mortgage who applies for notice of a tax sale under § 48-3-9 receives, by implication, notice of the right to redeem within a 12-month period under § 48-4-40 when notified of the tax sale, this does not place him on notice as to *when* the right to redeem will be foreclosed. Notice of the tax sale and notice of foreclosure of the right to redeem are distinct events. Under OCGA § 48-4-45 the purchaser at the tax sale must wait a minimum of 12 months to foreclose and "forever bar" the right to redeem, but the statute places no time limitation on how long the purchaser may wait to foreclose the right to redeem. Thus there is a floor, but not a ceiling. Once the right to redeem has been foreclosed under § 48-4-45, "the right to redeem is gone, and there is no power even in a court of equity to authorize a redemption of the property. . . ." *Boroughs v. Lance*, 213 Ga. 143, 144 (97 SE2d 357) (1957); *Montford v. Allen*, 111 Ga. 18, 24 (36 SE 305) (1900). The owner of a deed to secure debt or mortgage who does not reside in the county where the land is located has a substantial property interest which will be significantly affected by lack of actual notification that the right to redeem is to be foreclosed. Notice by publication that this right may be affected does not satisfy the requirements of due process under *Mennonite*.

2. Appellant argues that appellees have not met their burden of proving title because they failed to comply with the notice requirements of OCGA §§ 44-14-162.2 and 44-14-162.3 when they foreclosed on the property under the deed to secure debt from Johnson and purchased the property at the foreclosure sale. Appellees maintain, and the trial court found, that since the property is commercial in nature, these notice requirements do not apply. Appellant contends there is no evidence to show that the property was "to be used as a dwelling place by the debtor at the time the . . . security deed . . . was entered into," and therefore appellees may not benefit from the exclusion of OCGA § 44-14-162.2 (a).

The undisputed evidence in this case shows that at the time appellees sold the property to Johnson it was being used as either a florist shop or a lawyer's office. There is no evidence to show the character of the property changed. This is ample circumstantial evidence from which the trial court could have found that the property was commercial in nature and, as such, exempt from the notice requirements in question.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 12, 1988.

*Zachary & Segraves, Rich S. Sexton, Kenneth L. Levy,* for appellant.

*Schreeder, Wheeler & Flint, David Flint, John W. Broome,* for appellees.