S92A1443. DIXON et al. v. CONWAY.
(425 SE2d 651)

HUNT, Presiding Justice.

The Dixons sought to redeem real property sold at a tax sale and

---

[2] OCGA § 53-6-24 (b) and OCGA § 53-6-29 (a) were contained in the same bill passed by the General Assembly in 1991. Ga. L. 1991, p. 394, §§ 3 and 4.

filed suit for legal and equitable relief to compel Conway to convey by quitclaim deed whatever interest in the Dixons' home he had acquired by the sheriff's tax deed. The trial court granted Conway's motion to dismiss. We reverse.

The Dixons contend that because Conway failed to follow the notice requirements of OCGA § 48-4-46, Conway's motion to dismiss should not have been granted. OCGA § 48-4-46 requires a purchaser at a tax sale to deliver to the sheriff of the county in which the land is located the notice and a list of persons to be served at least 45 days before the date set in the notice for the expiration of the right to redeem. Within 15 days of delivery to him, the sheriff is required to personally serve notice on the persons included on the list. Thus, persons on the list are entitled to receive notice of the foreclosure of the right to redeem at least 30 days in advance of the final date. Laws of this state governing the right to redeem are to be construed liberally and most favorably to persons allowed by the statute to redeem. *Union Central Life Ins. Co. v. Bank of Tignall*, 182 Ga. 233, 235 (185 SE 108) (1935). James Dixon was served on March 9, 1992; the notice of the bar of redemption listed March 31, 1992 as the final redemption date. As James Dixon was not provided advance notice of 30 days as required by the statute, the bar of redemption must be set aside and the Dixons must be given an opportunity to redeem the property.

Our resolution of this point makes consideration of the remaining enumerations of error unnecessary.

*Judgment reversed. Clarke, C. J., Benham, Fletcher, Sears-Collins, JJ., and Judge Ben J. Miller concur; Hunstein, J., not participating.*

DECIDED FEBRUARY 5, 1993.

*Clarence L. Martin,* for appellants.
*Wiseman, Blackburn & Futrell, James B. Blackburn, Jr., Douglas M. Robinson,* for appellee.