A00A2104. H & C DEVELOPMENT, INC. v. BERSHADER et al.
(546 SE2d 907)

BLACKBURN, Chief Judge.

H & C Development, Inc. ("H & C") sought to redeem real property sold at a tax sale and filed the underlying suit against the purchaser, Albert Bershader. The trial court awarded summary judgment against H & C primarily because H & C had failed to pay or legally tender the full amount of the redemption price for the property as required by OCGA § 48-4-47 (a) before filing suit and also because H & C had been administratively dissolved. H & C contends

---

that Bershader failed to comply with the notice requirements of the redemption statute, which precluded summary judgment. We agree and reverse.

> When ruling on a motion for summary judgment, the opposing party must be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence.

(Citation omitted.) *Hess v. Textron Automotive Exteriors*.[1]

When viewed in a light most favorable to H & C, the nonmovant, the evidence established the following facts. In October 1987, H & C purchased a parcel of land in the City of Roswell for $37,000. In 1992, H & C was administratively dissolved by the Secretary of State for failure to file annual returns and to pay annual fees. On July 5, 1995, Bershader purchased the same property at a sheriff's sale for $1,373.24, the amount of the 1993 unpaid taxes.

In an effort to comply with the statutory notice provisions in OCGA § 48-4-45, Bershader sent notice by certified mail to H & C at an address in Knoxville, Tennessee, and arranged for notice to H & C by publication. On May 22, 1997, Bershader borrowed $120,000 from Republic Consumer Lending Group, Inc. ("Republic") using the property as collateral. After procuring title insurance, Bershader built a house on the lot.

On May 27, 1998, H & C sued Bershader, his wife, Larisa Bershader, and Republic, claiming that H & C still had title to the property because Bershader had failed to give proper notice to H & C, as the property owner of record. H & C also alleged that the security deed between Bershader and Republic was void. H & C asserted that the purchase of the tax fieri facias and the foreclosure of its right of redemption were legally deficient, insufficient, and void. H & C alleged that its power to exercise the right of redemption had not been extinguished. H & C asked the court to declare all deeds involving Bershader as void or unenforceable and to set them aside.

The defendants moved for summary judgment on several grounds. The defendants claimed that H & C lacked standing to file suit under OCGA § 9-11-9 (a) because the corporation had been administratively dissolved years earlier. Bershader also asserted that the suit was untimely under OCGA § 14-2-1410 and that H & C's actual address had not been "reasonably ascertainable" under

---

[1] *Hess v. Textron Automotive Exteriors*, 245 Ga. App. 264, 265 (1) (536 SE2d 291) (2000).

OCGA § 48-4-45 (a) (2).

The trial court determined that H & C's "failure to tender the full amount of the redemption price for the property prior to filing this action is fatal to its claim. OCGA § 48-4-47." The trial court also found that Bershader was not required to give notice to H & C because H & C had been administratively dissolved as a corporation.

1. H & C contends that the trial court erred by finding that its failure to tender the full amount of the redemption price for the property before filing suit barred that action under OCGA § 48-4-47 because it claims it did not receive the statutorily required notice. We agree.

It is well settled that because the forfeiture of the right of redemption is so harsh, the law favors the redeeming property owner. *Wallace v. President Street.*[2] As such, the "[l]aws of this state governing the right to redeem are to be construed liberally and most favorably to persons allowed by the statute to redeem." *Dixon v. Conway.*[3]

The right to redemption following a tax sale exists "(1) [a]t any time within 12 months from the date of the sale; and (2) [a]t any time after the sale until the right to redeem is foreclosed by the giving of the notice provided for in Code Section 48-4-45." OCGA § 48-4-40. After such notice is given, no redemption action can be entertained "unless and until the plaintiff in the action pays or legally tenders to the grantee in the deed or to his successors the full amount of the redemption price for the property." OCGA § 48-4-47 (a).

In this case, the evidence established that H & C had been incorporated in Cobb County, Georgia, and the only address for the corporation, its registered agent, and corporate secretary on file with the Office of the Secretary of State was an address in Marietta. Bershader, however, did not send notice to the address in Marietta of H & C's registered agent or corporate secretary. Instead, on February 26, 1997, Bershader sent H & C notice by certified mail to 1137 Durham Road, in Knoxville, Tennessee. This notice was returned as unclaimed. The record also indicates that notice by publication of H & C's right of redemption appeared in the Fulton County Daily Report on March 24, March 31, April 7, and April 14, 1997.

H & C, however, offered evidence showing that in 1996, more than eight months before the certified mailing occurred and three months before the tax deed was recorded, H & C's address had been changed at the Fulton County Tax Commissioner's Office to an Atlanta address belonging to Allen Hsu, the son of T. C. Hsu, a princi-

---

[2] *Wallace v. President Street*, 263 Ga. 239, 240 (1) (430 SE2d 1) (1993).
[3] *Dixon v. Conway*, 262 Ga. 709, 710 (425 SE2d 651) (1993).

pal of H & C. Allen Hsu testified that at his father's request, he completed change of address forms in both Fulton County and City of Roswell in order to have H & C's mail forwarded to him in Atlanta. Allen Hsu testified that when the 1996 tax bill was mailed to him, he had forwarded it to his father in Knoxville. According to Hsu, he had resided without interruption from December 1995 through late 1997 at the address in Atlanta that he had provided to the tax office. Hsu testified that he believed that this address lies within DeKalb County, not Fulton County.

Tom Biggers, the Delinquent Tax Administrator with the Fulton County Tax Commissioner's Office, corroborated Hsu's testimony about H & C's address change. Biggers testified that:

> Anyone inquiring of the Fulton County Tax Commissioner's Office as to the address contained in our records for the owner of the property between June 9, 1996 and June 6, 1997 would have been told that our records reflected the owner of the property to be H & C Development, Inc., and that the owner's address for purposes of sending bills and other communications was "c/o Allen Hsu, 3427 Flowers Road, Atlanta, Georgia 30341 USA."

Further, copies of the tax records themselves reflect the change in address in 1996, that the mailing address became: "C/O ALLEN HSU, 3247x Flowers Rd., Atlanta, Ga. 30341."

As noted above, the redemption statute requires that notice be sent by registered or certified mail to a person residing outside the county in which the property is located, "if the address of that person is *reasonably ascertainable.*" (Emphasis supplied.) OCGA § 48-4-45 (a) (2).

H & C claims that it did not receive proper notice. OCGA § 48-4-45 (a) (2) requires the purchaser at the tax sale to send notice by registered or certified mail to the owner of record, "if the address of that person is reasonably ascertainable."

By statute, corporations are required to maintain continuously in Georgia a registered agent to serve as agent to service of process. OCGA § 14-2-501 (2). If a Georgia corporation has no registered agent or if the corporation's registered agent cannot be found after a diligent search, a plaintiff may serve the corporation by registered or certified mail, return receipt requested, addressed to the corporation's secretary at its principal office. OCGA § 14-2-504 (a).

Although a trial court must make the initial determination of the legality of notice, appellate courts must independently decide whether under the facts of each case the search for the absentee

interested party was legally adequate. *Abba Gana v. Abba Gana.*[4] The evidence H & C presented clearly shows that after June 9, 1996, the company's address was designated in the Fulton County tax records as being at Flowers Road in Atlanta. Bershader has not shown that he sent the required notice by either certified or registered mail to the Atlanta address. Under these circumstances, we believe that a jury must determine whether the address appearing in the County's tax records was "reasonably ascertainable" when the redemption statute is liberally construed. See *Dixon,* supra.

2. H & C also contends that the trial court erred by determining that no notice was required because the corporation had been administratively dissolved. We agree.

H & C's corporate status was reinstated on December 8, 1999. The certificate issued by the State provided that the reinstatement shall relate back to and take effect as of the date of administrative dissolution and the corporation may resume its business as if the administrative dissolution had never occurred. See OCGA § 14-2-1422 (governing reinstatement following administrative dissolution).

Moreover, " 'the enforcement and collection of taxes through the sale of the taxpayer's property has been regarded as a harsh procedure, and, therefore, the policy has been to favor the rights of the property owner in the interpretation of such laws.' " *Wallace,* supra at 240 (1).

Bershader cites no authority and we have found none that excuses a tax sale purchaser from satisfying the explicit terms of the redemption statute in the event that the original owner is a corporation that becomes administratively dissolved. Nor has Bershader offered any authority to support the proposition that an administratively dissolved corporation can be divested of ownership and title to its real property without due process.

3. Having determined that summary judgment was not due, we need not consider the remaining issues.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED MARCH 12, 2001 — 

*Chestnut, Livingston & Pye, Tom Pye,* for appellant.
*Fine & Block, Kenneth I. Sokolov,* for appellees.

---

[4] *Abba Gana v. Abba Gana,* 251 Ga. 340, 343 (1) (304 SE2d 909) (1983).