## S03A1369. HAMILTON v. RENEWED HOPE, INC.

(589 SE2d 81)

CARLEY, Justice.

Deborah Hamilton purchased a condominium unit in 1998, but did not pay the property taxes for that year or any subsequent year. The unit was sold for non-payment of taxes to Lynn's Specialties, Inc., which subsequently conveyed its interest to Renewed Hope, Inc. (Appellee). Pursuant to OCGA § 48-4-46 (b), Appellee caused the sheriff to attempt to serve notice of foreclosure of the right to redeem on Ms. Hamilton at the address of the condo unit. The sheriff was unsuccessful and noted the following: "Diligent search made and Deborah Hamilton not to be found. . . . Deborah Hamilton owns this property but lives at another unknown location. Rents this property to another." Appellee then caused the notice to be published as provided in OCGA § 48-4-46 (c). After expiration of the time specified in the notice for redemption, Ms. Hamilton filed this declaratory judgment action seeking an order that she was still entitled to redeem the property. Appellee counterclaimed for a decree in quia timet pursuant to OCGA § 23-3-40 et seq. that it held fee simple title to the property.

On cross-motions for summary judgment, the trial court found that the uncontradicted evidence showed that the only address of Ms. Hamilton on file with the county tax authorities was that of the condo, and that neither Appellee nor its predecessor had any actual knowledge of, and the real estate records did not contain, any other address. In an extensive order, the trial court held that,

> when service is attempted at the most current address on file with the taxing authorities for the property and the address, if any, disclosed by the real estate records in the chain of title to the property, as well as any other addresses actually known to the tax deed purchaser, . . . no further extraordinary efforts to locate the delinquent taxpayer should be required.

The trial court also rejected Ms. Hamilton's facial constitutional challenge to the provision in OCGA § 48-4-46 (c) for service by publication where the sheriff is unable "for any reason" to effect service. In finding that service by publication of the notice of foreclosure of the right to redeem was reasonable under the circumstances, the trial court relied on the fact that it is the last official notification in a series of notices and proceedings which have already impaired the delinquent taxpayer's property rights. Accordingly, the trial court denied Ms. Hamilton's motion, granted summary judgment in favor of Appellee, and separately entered final judgment. Ms. Hamilton appeals from these orders.

If the name and address of an interested party can be reasonably ascertained, notice of a tax sale by publication does not meet the requirements of due process. *Mennonite Bd. of Missions v. Adams*, 462 U. S. 791 (103 SC 2706, 77 LE2d 180) (1983). This Court has explicitly applied that holding to the notice of foreclosure of the right to redeem. *Funderburke v. Kellet*, 257 Ga. 822 (1) (364 SE2d 845) (1988). Indeed, *Funderburke* quoted *Mennonite Bd. of Missions v. Adams*, supra at 800 (II), as follows:

> "[N]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party . . . if its name and address are reasonably ascertainable." [Cit.]

(Emphasis omitted.) *Funderburke v. Kellet*, supra at 823 (1). The rationale for applying this due process principle to the notice of foreclosure of the right to redeem is that notice of the tax sale or of the existence of the right to redeem "does not place [an interested party] on notice as to *when* the right to redeem will be foreclosed. Notice of the tax sale and notice of foreclosure of the right to redeem are distinct events." (Emphasis in original.) *Funderburke v. Kellet*, supra at 824 (1). See also *In re Foreclosure of Liens for Delinquent Taxes*, 607 NE2d 1160, 1163 (II) (Ohio App. 1992); Frank S. Alexander, "Tax Liens, Tax Sales, and Due Process," 75 Ind. L. J. 747, 781 (IV) (A) (2000).

In *Funderburke*, this Court held that OCGA § 48-4-46 violated due process to the extent that it provided non-residents only with notice by publication. However, the same statute requires that personal service at least be attempted on interested parties who reside in the county where the property is located. OCGA § 48-4-46 (b), (c). Notice by publication is not permitted unless the attempt at personal service is unsuccessful "for any reason." OCGA § 48-4-46 (c). Several well-established principles guide our construction of this language.

"The enforcement and collection of taxes through the sale of the taxpayer's property has been regarded as a harsh procedure, and, therefore, the policy has been to favor the rights of the property owner in the interpretation of such laws. . . ." [Cits.]

*Blizzard v. Moniz*, 271 Ga. 50, 53-54 (518 SE2d 407) (1999). Furthermore, " '[w]henever possible, a statute must be construed so as to affirm its constitutionality, and to uphold the due process rights of affected parties.' [Cit.]" (Emphasis omitted.) *King v. State*, 272 Ga. 788, 793 (1) (535 SE2d 492) (2000). "The General Assembly is presumed to enact laws with full knowledge of the condition of the law and with reference to it, [cit.] and the courts will not presume that the legislature intended to enact an unconstitutional law. [Cits.]" *Board of Public Education v. Hair*, 276 Ga. 575, 576 (1) (581 SE2d 28) (2003). Thus, we do not presume that the General Assembly intended to enable the tax sale purchaser to forego any methods of notice of foreclosure of the right to redeem which might be required by the Due Process Clause. See *In re Foreclosure of Liens for Delinquent Taxes*, supra at 1163 (II). Instead, we construe the words "for any reason" in OCGA § 48-4-46 (c) to mean that notice by publication is permissible only if the sheriff's inability to effect personal service satisfies the constitutional mandate of due process. See *Montaquila v. St. Cyr*, 433 A2d 206, 213 (V) (R.I. 1981).

In explaining due process requirements regarding the method of notice, the Supreme Court of the United States recently noted that *Mennonite* "does not say that the State *must provide* actual notice, but that it *must attempt to provide* actual notice." (Emphasis in original.) *Dusenbery v. United States*, 534 U. S. 161, 170 (122 SC 694, 151 LE2d 597) (2002). The trial court relied on this clarification as support for its order. However, the Supreme Court was only reaffirming the principle, drawn from *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 314 (70 SC 652, 94 LE 865) (1950), that an interested party is entitled to notice which is reasonably calculated, under all of the circumstances, to apprise him of the pendency of a tax sale. *Dusenbery v. United States*, supra at 168-170; *Mennonite Bd. of Missions v. Adams*, supra at 795 (II). The Supreme Court did not alter the current constitutional standard, which is that the notice must be sent to those interested parties whose names and addresses are ascertainable by "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, supra at 798 (II), fn. 4; Alexander, supra at 792 (IV) (D). The constitutional prerequisite for allowing service by publication when the addresses of interested "parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts. [Cits.]" *Abba Gana v. Abba Gana*, 251

Ga. 340, 343 (1) (304 SE2d 909) (1983) (citing *Mennonite* and *Mullane* and, contrary to the trial court's order, applying constitutional, and not statutory, standards). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, supra at 315. See also *Dusenbery v. United States*, supra at 168; *Mennonite Bd. of Missions v. Adams*, supra at 799 (II). Thus, the person giving the constitutionally required notice must exercise "due diligence in pursuing every reasonably available channel of information." *Abba Gana v. Abba Gana*, supra at 343 (1).

Only a small minority of jurisdictions have held, as did the trial court, that a diligent inquiry "is limited to making sure that no other addresses are available from tax records and deed records, and beyond that no further duties are imposed by due process. [Cits.]" Alexander, supra at 792-793 (IV) (D). The use of public records to ascertain the addresses of the parties to be notified is certainly necessary. *H & C Development v. Bershader*, 248 Ga. App. 546, 548 (1) (546 SE2d 907) (2001) (summary judgment in favor of tax sale purchaser was not proper where there was evidence that the address was "reasonably ascertainable" from the County's tax records). However, the majority of jurisdictions which have addressed this issue have held that additional efforts are required when the notice is mailed to the last known address available from the tax collector's or the deed records and is returned as undeliverable. Alexander, supra at 793 (IV) (D). That situation is analogous to the instant case, where personal service by the sheriff at the last known address failed. Attempted personal service complies with due process only if it is "as certain to ensure actual notice" as the constitutional minimum for service by mail. *Mennonite Bd. of Missions v. Adams*, supra at 800 (II); *Funderburke v. Kellet*, supra at 823 (1). The majority rule applies equally to the government's notice regarding a tax sale and, as in *Funderburke*, a required notification by the tax sale purchaser since "that party's interest is to maximize the return on its investment, which may translate into minimum efforts to locate accurate addresses for interested parties. [Cits.]" Alexander, supra at 794 (IV) (D). Moreover, "[l]aws of this state governing the right to redeem are to be construed liberally and most favorably to persons allowed by the statute to redeem. [Cit.]" *Dixon v. Conway*, 262 Ga. 709, 710 (425 SE2d 651) (1993). See also *Blizzard v. Moniz*, supra at 54. Accordingly, we adopt and apply the majority rule requiring the tax sale purchaser, before resorting to publication, to make reasonably diligent efforts beyond the use of tax and real estate records in order to ascertain the address of the delinquent taxpayer.

Appellee did not present any evidence in support of its cross-motion for summary judgment that it or its predecessor made any

effort to ascertain Ms. Hamilton's address from any source other than the tax and deed records, that other channels of information were not reasonably available, or that use of them would have been "impractical or fruitless." *Abba Gana v. Abba Gana*, supra at 343, 344 (1). Therefore, the trial court erred in granting summary judgment in favor of Appellee.

In support of her motion for summary judgment, Ms. Hamilton presented affidavits proving that her correct address was listed in a telephone directory and was on file in the office of the condominium management company. "[E]ach case has its own practicalities and peculiarities, and this court cannot lay down a sweeping rule applicable to all determinations whether reasonable diligence has been exercised." *Abba Gana v. Abba Gana*, supra at 343 (1). However, "[r]easonable diligence . . . extends to . . . contacting the tenants occupying the subject property, [cit.] . . . [and] may also extend to checking available telephone directories. [Cits.]" Alexander, supra at 793-794 (IV) (D). See also *Kester v. Ives*, 960 P2d 865 (Okl. Civ. App. 1998); *District of Columbia v. Mayhew*, 601 A2d 37, 44 (III) (B) (D.C. 1991). Appellee apparently did not make any effort to inquire of the company managing Ms. Hamilton's unit and the other condo properties, even though such inquiry would have been little, if any, more onerous than contacting the tenants, and was a rather obvious potential channel of information. See *Abba Gana v. Abba Gana*, supra at 344 (1). However, the evidence shows that, even if uniformed law enforcement personnel or process servers made the inquiry, the management company may have merely notified Ms. Hamilton of the attempted service instead of divulging her address. Thus, it is by no means clear that Appellee could have obtained that address through this channel of information. Furthermore, the telephone directory which listed the address also included other listings for "Deborah," "Debra," and "D" Hamilton, and was for use only until the month during which personal service was attempted at the condo. The new telephone directory for use beginning in that month did not contain Ms. Hamilton's address. Therefore, it is also unclear that Appellee could have obtained the address by use of the telephone directory. Under these circumstances, we believe that a genuine issue of material fact remains as to whether Ms. Hamilton's address was reasonably ascertainable. See *H & C Development v. Bershader*, supra at 550 (1). Giving Appellee the benefit of all favorable inferences from the record, we cannot conclude as a matter of law that her "address could have been ascertained by reasonably diligent efforts." *Abba Gana v. Abba Gana*, supra at 344 (1), fn. 2. Therefore, the trial court correctly denied Ms. Hamilton's motion for summary judgment.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 17, 2003 —
RECONSIDERATION DENIED DECEMBER 12, 2003.

*Lefkoff, Duncan, Grimes & Miller, John R. Grimes*, for appellant.
*Proctor & Chambers, Robert J. Proctor, Bradley A. Hutchins*, for appellee.