## S06A1053. HAMILTON v. RENEWED HOPE, INC.
### (637 SE2d 412)

SEARS, Chief Justice.

This case concerns whether the appellee, Renewed Hope, Inc., exercised reasonable diligence in attempting to locate the appellant, Deborah Hamilton, and provide her with notice of the foreclosure of Hamilton's right to redeem her property, a condominium, that previously had been sold at a tax sale. The trial court granted summary judgment to Renewed Hope, and for the reasons that follow, we affirm.

1. This is the second appearance of this case before this Court.[1] As discussed in *Hamilton I*, Renewed Hope had the local sheriff attempt personal service on Ms. Hamilton of the notice of foreclosure of her right to redeem at Ms. Hamilton's condominium address. Personal service was attempted at that address because it was the current address for Ms. Hamilton on file in the local tax and real estate records. Ms. Hamilton, however, did not reside at the condominium address, and the attempt at personal service failed. The record in *Hamilton I* did not reveal whether Renewed Hope had made any other efforts to locate the address of Ms. Hamilton.[2] On appeal, we held that, after the failure of the attempted personal service, Renewed Hope, as the tax sale purchaser, was required to "make reasonably diligent efforts beyond the use of tax and real estate records in order to ascertain the address of the delinquent taxpayer."[3]

On remand from *Hamilton I*, the trial court granted summary judgment to Renewed Hope, finding that Renewed Hope had made reasonably diligent efforts to locate Hamilton and could not do so, and that Renewed Hope's notice by publication was thus sufficient. Hamilton has now filed this second appeal. For the reasons that follow, we affirm the trial court's judgment.

2. In determining whether Renewed Hope made reasonably diligent efforts to locate Hamilton, we must bear in mind that, after Renewed Hope discovered that Hamilton did not live at the address where personal service was attempted, it was required to take

---

[1] *Hamilton v. Renewed Hope, Inc.*, 277 Ga. 465 (589 SE2d 81) (2003) ("*Hamilton I*").

[2] Id. at 468-469.

[3] Id. at 468.

"additional reasonable steps" that were available to it "to attempt to provide notice" to Hamilton.[4] We conclude that it did so.

On remand, Renewed Hope submitted evidence regarding the steps that its agents and principal took to attempt to locate Ms. Hamilton after it learned that personal service had failed. For example, Renewed Hope had someone go to the condominium numerous times to speak with Ms. Hamilton's tenant to attempt to learn how to contact Ms. Hamilton. The tenant, however, was uncooperative. In *Jones*, the Supreme Court held that posting a notice on the door of a rented home was a reasonable step to provide notice. The Court stated, if notice is posted, "there is a significant chance the occupants will alert the owner, if only because a change in ownership could well affect their own occupancy."[5] Thus, Renewed Hope's numerous contacts with the tenant constitute a reasonable step that it took to contact Ms. Hamilton.

Moreover, Renewed Hope also left letters regarding the redemption under the condominium door, and went to the management company for the condominium complex. In addition, Renewed Hope contacted Ms. Hamilton's mortgage company on numerous occasions, but they would not provide Ms. Hamilton's current phone number or other information about her. Again, these steps were all reasonable ones that Renewed Hope took in its efforts to provide notice to Ms. Hamilton, but they failed to provide information by which Renewed Hope could locate Ms. Hamilton.

Ms. Hamilton contends, however, that Renewed Hope should have attempted to locate her by searching the docket of the State Court of Fulton County, and contends that, if it had done so, it would have located her current address due to her involvement in a lawsuit in that court. Because Renewed Hope had no way to know the specific courts in the metropolitan Atlanta area in which Ms. Hamilton might have been involved in a lawsuit, we conclude that requiring Renewed Hope to search the dockets of available court systems is an unreasonable burden.[6]

Ms. Hamilton also contends that it would have been a reasonable step for Renewed Hope to use the phonebook to attempt to contact her and that her correct address was listed in the phonebook. However, as

---

[4] *Jones v. Flowers*, 547 U. S. 220 (126 SC 1708, 1713, 1713-1721, 164 LE2d 415) (2006) (when mailed notice of a tax sale is returned unclaimed, additional reasonable steps must be taken to attempt to notify property owner). Accord *Hamilton I*, 277 Ga. at 468 (when personal service of notice of foreclosure of right to redeem fails, reasonably diligent efforts beyond the use of tax and real estate records are required to attempt to notify property owner of notice of foreclosure).

[5] *Jones v. Flowers*, 126 SC at 1719.

[6] See id. (searching the phonebook and "other government records such as income tax rolls" were not steps the government was required to take).

we noted in our previous opinion in this case,[7] the phonebook on which Ms. Hamilton relies was for use only until the month in which personal service was attempted.[8] Until personal service was attempted and Renewed Hope learned that Ms. Hamilton did not live at the address on file in the local tax and real estate records, Renewed Hope had no reason to attempt to contact Ms. Hamilton by use of the phonebook. Moreover, it is undisputed that the phonebook for use in the month in which personal service was attempted did not contain either Ms. Hamilton's condominium address or her actual address.[9]

In addition, on remand from *Hamilton I*, an agent of Renewed Hope stated in an affidavit that he used the "then-current" phonebook in an attempt to locate any addresses for Deborah Hamilton, and that he did not discover either the address of the condominium or Ms. Hamilton's actual address in the phonebook. It is thus clear that Renewed Hope's agent researched the phonebook in existence during the month that personal service had failed. Moreover, given the numerous reasonable avenues that Renewed Hope pursued in an attempt to provide notice to Ms. Hamilton, we conclude that it would not be reasonable to require Renewed Hope to search past phonebooks in an attempt to contact her, as imposing such a requirement under these circumstances would effectively result in an open-ended burden on the person attempting to provide notice.[10]

For the foregoing reasons, we conclude that Renewed Hope made reasonably diligent efforts to contact Ms. Hamilton.[11] Accordingly, we affirm the trial court's judgment in this regard.

---

[7] *Hamilton I*, 277 Ga. at 469.

[8] This phonebook did list Ms. Hamilton's condominium address and her correct, current address. It is debatable whether, if Renewed Hope had used this phonebook, it would have been a reasonable step for it to have attempted to contact all the "D. Hamiltons," "Debra Hamiltons," and "Deborah Hamiltons" given the number of those entries and given that Ms. Hamilton's condominium address was listed in the directory. Once Renewed Hope saw that Ms. Hamilton's condominium address was listed under her name, it could have reasonably assumed that, if Ms. Hamilton had only her incorrect condominium address on file in the tax and real estate records, it was probable that she had only this same incorrect address in the phonebook.

[9] In this regard, on remand, evidence was introduced establishing that in September 2000, Ms. Hamilton had her name legally changed to "Deborah Devereaux," and that, several months before personal service was attempted, Ms. Hamilton had BellSouth change her listing from "Deborah Hamilton" to "Deborah Devereaux."

[10] See *Jones v. Flowers*, 126 SC at 1719 (searching the phonebook under the circumstances of that case was not a step the government was required to take).

[11] *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (304 SE2d 909) (1983) ("[A]lthough it is the trial court which first passes upon the legality of notice, the appellate courts must independently decide whether under the facts of each case the search for the absentee interested party was legally adequate.").

3. Ms. Hamilton's contention that the tax sale of her property was invalid is controlled adversely to her by our recent decision of *Tharp v. Harpagon Co.*[12]

4. Ms. Hamilton asserted various tort claims against Renewed Hope on the premise that her right of redemption was not properly foreclosed and on the premise that the tax sale of the property was invalid. Because we have resolved the redemption and tax sale claims adversely to Ms. Hamilton, we also must affirm the trial court's grant of summary judgment to Renewed Hope on the tort claims.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006.

*Francis X. Moore, Beth E. Rogers*, for appellant.

*Proctor, Chambers & Hutchins, Robert J. Proctor, Bradley A. Hutchins, Christopher M. Porterfield, Adam C. Caskey, Overtis H. Brantley*, for appellee.

---

[12] 278 Ga. 654, 655 (4) (604 SE2d 156) (2004).