**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 27, 2018**

# In the Court of Appeals of Georgia

A18A0355. DERBY PROPERTIES, LLC v. J. W. "BILL"
   WATSON III, IN HIS OFFICIAL CAPACITY AS THE TAX
   COMMISSIONER et al.

MILLER, Presiding Judge.

This appeal stems from a tax sale between Paulding County and Derby

Properties, LLC, in which Derby Properties purchased certain real property that was

subject to a nuisance abatement lien. Derby Properties appeals from the trial court's

denial of its motion for summary judgment against J. W. "Bill" Watson III, in his

official capacity as the Tax Commissioner of Paulding County ("the County"). On

appeal, Derby Properties contends that the sale was conducted improperly because

the County utilized a nonjudicial tax foreclosure sale, instead of a judicial in rem tax

foreclosure sale. We determine that OCGA § 41-2-9 (the "nuisance abatement

statute") did not prevent the County from conducting a nonjudicial tax foreclosure sale in this case. Therefore, we affirm.

> When ruling on a motion for summary judgment, the opposing party must be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence.

(Citation and footnote omitted.) *H & C Dev., Inc. v. Bershader*, 248 Ga. App. 546, 547 (546 SE2d 907) (2001).

So viewed, the record shows that, after a nuisance abatement lien[1] was placed on the subject property, the County sold the property to Derby Properties in a nonjudicial tax foreclosure sale in October 2015. Subsequently, however, Derby Properties asked the County to return the money it had paid for the property. Derby Properties claimed that the tax sale the County had used to enforce the nuisance abatement lien was illegal because the County had utilized the nonjudicial tax foreclosure procedures set forth in OCGA § 48-4-1, instead of the judicial in rem tax

---

[1] Under OCGA § 41-2-9 (a) (7), a county may obtain a lien on private property for the abatement of a public nuisance.

2

foreclosure procedures, as outlined in OCGA § 48-4-76 et seq. When the County

refused to return the money, Derby Properties filed a petition under OCGA § 15-13-3

(the "money rule petition"), in the Superior Court of Paulding County, again

challenging the legality of the sale on this same basis. Both Derby Properties and the

County filed motions for summary judgment. The County argued, in part, that the

nuisance abatement statute did not require the County to use a judicial in rem tax

foreclosure sale to enforce the lien. The trial court awarded summary judgment in the

County's favor and denied Derby Properties' summary judgment motion. This appeal

followed.

1. Derby Properties claims that the nuisance abatement statute required the

County to use the judicial in rem tax foreclosure process, and that the County's use

of nonjudicial tax foreclosure procedures renders the sale unlawful. This contention

lacks merit.

"The interpretation of statutes presents a question of law for the court."

(Citations, punctuation, and footnote omitted.) *Montgomery County v. Hamilton*, 337

Ga. App. 500, 503 (788 SE2d 89) (2016). "The first step in our analysis of this issue

of statutory construction is to examine the plain statutory language." (Citation

omitted.) *Morrison v. Claborn*, 294 Ga. App. 508, 512 (2) (669 SE2d 492) (2008).

3

The nuisance abatement statute provides, in part,

It shall be the duty of the appropriate county tax commissioner or municipal tax collector or city revenue officer, who is responsible or whose duties include the collection of municipal taxes, to collect the amount of the lien *using all methods available for collecting real property ad valorem taxes, including specifically Chapter 4 of Title 48.*

(Emphasis supplied.) OCGA § 41-2-9 (b) (2).

The methods available for collecting real property ad valorem taxes include *both* judicial in rem tax foreclosure sales (OCGA § 48-4-76 (a) - (b)) and nonjudicial tax foreclosure sales (OCGA § 48-4-1 (a) (1) (A)). See *DLT List, LLC v. M7VEN Supportive Housing & Dev. Group*, 335 Ga. App. 318, 321 (1) (779 SE2d 436) (2015), aff'd, *DLT List, LLC v. M7VEN Supportive Housing & Dev. Group*, 301 Ga. 131 (800 SE2d 362) (2017) ("Pursuant to OCGA § 48-4-1, if a property owner fails to pay county property taxes, the county may issue a writ of fieri facias and conduct a sale of the property to satisfy the unpaid taxes."). Thus, a plain reading of this subsection of the nuisance abatement statute evinces that the County would have been entitled to collect the amount of the lien using either type of sale.

Moreover, the legislature expressly intended that judicial in rem tax foreclosure procedures be an *alternative* to nonjudicial tax foreclosure procedures, rather than

4

replace them. The legislature made this intent abundantly clear in OCGA § 48-4-75, which reads:

> The General Assembly finds that . . . nonjudicial tax foreclosure procedures are inefficient, lengthy, and commonly result in title to real property which is neither marketable nor insurable. . . . Consequently, the General Assembly further finds that the *alternative* to nonjudicial tax foreclosure procedures authorized by this article is an effective means of eliminating health and safety hazards by putting certain tax delinquent properties back on the tax rolls and into productive use.

(Emphasis supplied.) Indeed, as the County aptly notes, it does not appear that a county is even obligated to enact an ordinance or resolution enabling judicial in rem tax foreclosure sales. See OCGA § 48-4-76 (a) (authorizing municipalities to enact an applicable ordinance or resolution "[i]n the event that the governing authority of a county does not so act").

In light of the legislature's expressed intent, we simply will not construe the nuisance abatement statute as requiring the exclusive use of a judicial in rem tax foreclosure sale to enforce a nuisance abatement lien. Such a construction directly contravenes the legislature's stated intent that judicial in rem tax foreclosure procedures be an alternative to nonjudicial tax foreclosure procedures. *Haugen v. Henry County*, 277 Ga. 743, 745 (2) (594 SE2d 324) (2004) ("one of the cardinal

rules of statutory construction requires the courts to consider the consequences of any proposed interpretation and not construe the statute to reach an unreasonable result unintended by the legislature.") (citation and punctuation omitted).

Additionally, we are unpersuaded by Derby Properties' argument that certain provisions of the nuisance abatement statute, specifically, OCGA § 41-2-9 (b) (3) - (4), dictate that a judicial in rem tax foreclosure sale was mandatory because these provisions mention only the statutory scheme pertaining to judicial in rem tax foreclosure sales.

"It is an elementary rule of statutory construction that statutes relating to the same subject matter are 'in pari materia' and must be construed together and harmonized whenever possible." (Citations omitted.) *Land USA, LLC v. Ga. Power Co.*, 297 Ga. 237, 241 (1) (773 SE2d 236) (2015). "And appellate courts must construe statutes to give sensible and intelligent effect to all of their provisions and to refrain from any interpretation which renders any part of the statutes meaningless." (Citations omitted.) *Graham v. McKesson Information Solutions*, 279 Ga. App. 364, 366 (631 SE2d 424) (2006).[2]

---

[2] See also *Hamilton*, supra, 337 Ga. App. at 509 (1) (we apply the principle of statutory construction that "the expression of one thing implies the exclusion of the other" with caution because its application depends on context).

A plain reading of subsection (b) (3) of the nuisance abatement statute merely demonstrates that where an entity has opted to pursue a judicial in rem tax foreclosure sale for delinquent ad valorem taxes, that proceeding "may include all amounts due" under the nuisance abatement chapter as well. OCGA § 41-2-9 (b) (3).[3] The very next subsection plainly provides that where a property is subject to a nuisance abatement lien, the "[r]edemption of property from the lien may be made in accordance with the provisions" governing judicial in rem tax foreclosure sales. OCGA § 41-2-9 (b) (4).

Nothing in either of these two subsections compels the interpretation that a county must use a judicial in rem tax foreclosure sale when collecting on a nuisance abatement lien. Further, if we were to hold that the nuisance abatement statute contemplates only the use of judicial in rem tax foreclosure sales, we would render meaningless OCGA § 41-2-9 (b) (2), which explicitly charges the county tax commissioner with enforcing the lien using *all* methods available for collecting real property ad valorem taxes. Again, a nonjudicial tax foreclosure sale is among these methods. Thus, we determine that the nuisance abatement statute did not preclude the

---

[3] Derby Properties asserts that the County does not clarify why the deed for the property states that it was issued for unpaid taxes. It appears from the record, however, that in addition to the nuisance abatement lien, there was outstanding tax debt on the property.

County from using a nonjudicial tax foreclosure sale in this case, and we reject Derby Properties' argument to the contrary.

2. Given our disposition in Division 1, we do not address Derby Properties' remaining enumerations of error, nor do we address the County's additional arguments supporting the trial court's order.

Accordingly, we affirm the trial court's order denying summary judgment to Derby Properties and granting summary judgment to the County.

*Judgment affirmed. Andrews and Brown, JJ., concur.*